**FILED**

**NOV 1 5 2022**

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:22-CR-137 |
| | ) | |
| v. | ) | <u>SUPERSEDING INDICTMENT</u> |
| | ) | |
| MARK LYNN HAINES, | ) | T. 18 U.S.C. § 2(b) |
| | ) | T. 18 U.S.C. § 1001(a)(3) |
| Defendant. | ) | T. 18 U.S.C. § 1341 |
| | ) | T. 18 U.S.C. § 1957 |
| | ) | |

**THE GRAND JURY CHARGES:**

<u>**COUNTS 1-15**</u>
**(Mail Fraud)**

1.   For all times materials hereto:

   a.   The United States Department of Agriculture's National Organic Program (NOP) was created by the Organic Foods Production Act of 1990, 7 U.S.C. §§ 6501 *et seq* ("the Act") to regulate the organic agriculture industry. The regulations are contained in 7 C.F.R. Part 205 *et seq*. NOP develops, implements, and administers national production, handling, and labeling standards for organic agriculture products. NOP also accredits certifying agents ("certifiers") who inspect organic production and handling operations to certify that they meet United States Department of Agriculture (USDA) standards. Certifiers administer this USDA program.

   b.   The Iowa Department of Agriculture and Land Stewardship (IDALS) was an accredited NOP certifier.

1

c.     In order to be sold as organic, agricultural products must have been produced and handled by a certified organic operation and be produced and handled in compliance with the requirements of the Act and NOP and in accord with the organic system plan with the certifier.

d.     Defendant MARK LYNN HAINES applied for an organic certificate from IDALS in March 2014, which certificate was subsequently approved and renewed yearly, based upon inspections and submission of annual organic system plans. The organic certificate remained in effect until revoked effective December 27, 2018.

2.     Beginning on a date unknown, but by at least Spring 2015, and continuing thereafter until on or about November 16, 2018, in the Southern District of Iowa and elsewhere, Defendant MARK LYNN HAINES, with intent to defraud, devised a scheme and artifice to defraud and obtain money by materially false and fraudulent pretenses, representations, and promises.

3.     From Spring 2015 through 2018, Defendant MARK LYNN HAINES planted seed that was not organic and did not meet NOP requirements for the resultant crop to be sold as organic.

4.     From Spring 2015 through 2018, Defendant MARK LYNN HAINES utilized prohibited chemicals on organic fields that did not meet NOP requirements for the resultant crop to be sold as organic.

5.     From 2015 through 2018, fields contaminated by prohibited chemicals sprayed and contained on treated seed were subsequently used for organic crop production, which was prohibited for three years under the NOP requirements for the resultant crop to be sold as organic.

6.     By utilizing prohibited chemicals and seed, Defendant MARK LYNN HAINES increased his crop yields over what would be expected of an organic operation.

7.     To actively conceal these prohibited activities from IDALS in order to avoid revocation of his organic certificate, in 2017 and 2018, Defendant MARK LYNN HAINES obtained false seed invoices that falsely stated the total amount of organic seed purchased in order to present to IDALS if requested. On August 16, 2018, Defendant MARK LYNN HAINES presented the 2018 false seed invoice to IDALS.

8.     To further actively conceal the prohibited activities from IDALS in order to avoid revocation of his organic certificate, in 2015, 2016, and 2017, Defendant MARK LYNN HAINES reported false lower organic crop production quantities then actually sold.

9.      Defendant MARK LYNN HAINES did not comply with the organic system plans with IDALS in 2015, 2016, 2017, and 2018. In each of these years, Defendant actively concealed the use of prohibited chemicals for fertility, pest, insect, and weed management, which were not disclosed in the plans. The organic system plans for 2015, 2016, 2017, and 2018, falsely reported the planting of organic seed

when, in fact, Defendant MARK LYNN HAINES used other than organic seed for the vast majority of his purported organic crops.

10.     Notwithstanding the noncompliance with the Act, NOP regulations, and the organic system plans and the consequent non-organic nature of the grain which he then and there knew, Defendant MARK LYNN HAINES sold the grain as organic to unwitting purchasers who paid the higher purchase prices that were paid for organic grain. Defendant MARK LYNN HAINES falsely represented to the purchasers that the grain was organic, when in fact it was not, by presenting, or causing to be presented, the organic certificate issued by IDALS. Purchasers then paid Defendant MARK LYNN HAINES for the purported organic grain expressing their belief of its organic nature on various purchase documents. Purchasers then issued checks to Defendant MARK LYNN HAINES in payment for purported organic grain.

11.     Defendant MARK LYNN HAINES caused the purchasers of the purported organic grain to mail to him checks in payment thereof, which he then deposited or caused to be deposited into an account upon which he was a signatory where the funds were used by Defendant MARK LYNN HAINES and his co-signatory.

12.     On or about the following dates, in the Southern District of Iowa and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud and obtain money by materially false and fraudulent pretenses, representations, and promises, Defendant MARK LYNN

4

HAINES knowingly caused to be delivered by mail, the following checks from the respective purchasers of purported organic grain:

| Count | Date | Amount | Grain Purchased |
|---|---|---|---|
| 1 | 10/13/2017 | $296,000.84 | Organic Corn by O.O.[1] |
| 2 | 10/23/2017 | $145,053.11 | Organic Corn by O.O. |
| 3 | 10/16/2018 | $474,783.91 | Organic Corn by O.O. |
| 4 | 10/26/2018 | $508,789.10 | Organic Corn by O.O. |
| 5 | 11/5/2018 | $362,543.79 | Organic Soybeans by O.O. |
| 6 | 11/16/2018 | $39,702.59 | Organic Corn by O.O. |
| 7 | 8/17/2018 | $18,821.40 | Organic Corn by C.S. |
| 8 | 8/23/2018 | $8,851.63 | Organic Corn by C.S. |
| 9 | 8/28/2018 | $9,144.13 | Organic Corn by C.S. |
| 10 | 7/13/2018 | $11,100.55 | Organic Corn by D.C. |
| 11 | 7/16/2018 | $10,824.46 | Organic Corn by D.C. |
| 12 | 7/17/2018 | $10,518.10 | Organic Corn by D.C. |
| 13 | 7/23/2018 | $41,037.36 | Organic Corn by C.G. |
| 14 | 8/2/2018 | $80,385.53 | Organic Corn by C.G. |
| 15 | 9/6/2018 | $61,832.48 | Organic Corn by C.G. |

Each of these Counts is a violation of Title 18, United States Code, Section 1341.

---

[1] Victim company identities known but redacted

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 16
### (Using a False Document)

Paragraphs 1 – 12 are incorporated here by reference.

On or about August 16, 2018, Defendant MARK LYNN HAINES, did willfully and knowingly use a false document writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement and entry in a matter within the jurisdiction of the executive branch of the United States, by submitting to inspectors for IDALS, during an inspection in Keokuk County, Iowa, in the Southern District of Iowa, an invoice that falsely claimed that Defendant purchased 809 bags of organic seed (corn and soybean) on August 13, 2018, well knowing and believing that Defendant in point of fact purchased nine bags of organic seed (corn and soybean) in 2018, a quantity far less than represented on the submitted document.

This is a violation of Title 18, United States Code, Section 1001(a)(3).

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 17</u>
**(Money Laundering)**

On or about August 2, 2018, in the Southern District of Iowa, Defendant MARK LYNN HAINES did knowingly engage and attempt to engage in a monetary transaction by and through a financial institution, and affecting interstate commerce, in criminally derived property of a value greater than $10,000 having been derived from one or more specified unlawful activities, that is mail fraud (18 U.S.C. § 1341) as charged in Count 14, in that Defendant MARK LYNN HAINES issued a check to Callaway Livestock in the amount of $72,365 from an account at MidWestOne Bank, Iowa City, Iowa, which bank was insured by the FDIC at all times material hereto, into which account said criminally derived proceeds had been deposited, which check was negotiated.

This is a violation of Title 18, United States Code, Section 1957.

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 18**
**(Money Laundering)**

On or about November 7, 2018, in the Southern District of Iowa, Defendant MARK LYNN HAINES did knowingly and willfully cause another to engage and attempt to engage in a monetary transaction by and through a financial institution, and affecting interstate commerce, in criminally derived property of a value greater than $10,000 having been derived from one or more specified unlawful activities, that is mail fraud (18 U.S.C. § 1341) as charged in Count 5, in that Defendant MARK LYNN HAINES willfully caused another to issue a check to Farmers Trust & Savings Bank in the amount of $330,000 from an account at MidWestOne Bank, Iowa City, Iowa, which bank was insured by the FDIC at all times material hereto, into which account said criminally derived proceeds had been deposited, which check was negotiated.

This is a violation of Title 18, United States Code, Sections 1957 and 2(b).

**A TRUE BILL.**

_____
FOREPERSON

Richard D. Westphal
United States Attorney

By: _____
Debra L. Scorpiniti
Assistant United States Attorney