UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MARK LYNN HAINES,<br><br>Defendant. | Criminal No. 4:22-cr-137<br><br>**PLEA AGREEMENT** |

The United States of America (also referred to as "the Government"), Defendant, MARK LYNN HAINES, and Defendant's attorney, enter into this Plea Agreement.

**A.   CHARGES**

1.   <u>Subject Offenses</u>.   Defendant will plead guilty to Count 4 of the Second Superseding Indictment, that is, mail fraud, in violation of Title 18, United States Code, Section 1341; and Count 19 of the Second Superseding Indictment, that is, conspiracy to defraud the United States, in violation of Title 18, United States Code, Section 371.

2.   <u>Charges Being Dismissed</u>.   If the Court accepts this Plea Agreement, the following counts of the Second Superseding Indictment will be dismissed at the time of sentencing: Counts 1 through 3, and 5 through 15, each count charging mail fraud, in violation of Title 18, United States Code, Section 1341; Count 16, that is, use of a false document, in violation of Title 18, United States Code, Section 1001(a)(3); Counts 17 and 18, that is, money laundering, in violation of Title 18,

1

United States Code, Section 1957; and Count 20, that is, making and subscribing a false return, in violation of Title 26, United States Code, Section 7206(1). Defendant understands that, even though Counts 1-3, 5-18, and 20 will be dismissed, all relevant conduct including the conduct that supported the charges in Counts 1-3, 5-18, and 20 will be considered by the Court at the time of sentencing.

**B.   MAXIMUM PENALTIES**

3.   <u>Maximum Punishment</u>.  Defendant understands that the crime to which Defendant is pleading guilty to in Count 4 carries a maximum sentence of 20 years in prison; a maximum fine of $250,000; and a term of supervised release of not more than 3 years. Defendant further understands that the crime to which Defendant is pleading guilty to in Count 19 carries a maximum sentence of 5 years in prison; a maximum fine of $250,000; and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 per count must also be imposed by the Court. Defendant understands that these sentences may be imposed consecutively.

4.   <u>Supervised Release--Explained</u>.  Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions. If Defendant were to violate a condition of supervised release, Defendant could be sentenced to not more than 2 years in prison on any such revocation, without any credit for time previously served.

5.   <u>Detention</u>.  Provided that Defendant does not violate any conditions of Defendant's pretrial release, and does not appear to be mentally at risk to harm himself or any other person, the Government agrees to recommend that Defendant

may remain on pretrial release pending imposition of sentence, and will not object to the Defendant self-reporting to begin service of any sentence of imprisonment.

C. **NATURE OF THE OFFENSE – FACTUAL BASIS**

6. <u>Elements Understood</u>.   Defendant understands that to prove the offense alleged under **Count 4 (Mail Fraud)**, the Government would be required to prove beyond a reasonable doubt the following elements:

   (a) Defendant voluntarily and intentionally devised or made up a scheme to defraud and obtain money by means of materially false or fraudulent pretenses, representations, or promises;

   (b) Defendant did so with the intent to defraud; and

   (c) Defendant used, or caused to be used, the mail in furtherance of, or in an attempt to carry out, some essential step in the scheme.

Defendant further understands that to prove the offense alleged under **Count 19 (Conspiracy to Defraud the United States)**, the Government would be required to prove beyond a reasonable doubt the following elements:

   (a) On or before April 1, 2017, to on or about March 7, 2019, two or more people reached an agreement or came to an understanding to commit the crime of defrauding the United States by impeding, impairing, obstructing, or defeating the lawful governmental functions of the Internal Revenue Service in the ascertainment, computation, assessment and collection of income taxes;

   (b) Defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect;

   (c) At the time Defendant joined in the agreement, Defendant knew the purpose of the agreement; and

   (d) While the agreement was in effect, a person or persons who had joined in the agreement knowingly did one or more acts for the purpose of carrying out or carrying forward the agreement.

3

7. <u>Factual Stipulations</u>. Attached hereto as Attachment "A", and incorporated by reference herein, are factual stipulations entered into between the parties, including the factual stipulations of Defendant's offense conduct relating to each subject offense. Defendant acknowledges that these statements are true.

8. <u>Truthfulness of Factual Basis</u>. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

9. <u>Waiver of Rule 410 Rights</u>. Defendant expressly waives Defendant's rights under Rule 410 of the Federal Rules of Evidence and agrees that all factual statements made in this Plea Agreement, including Attachment A, are admissible against Defendant. Should Defendant fail to plead guilty pursuant to this Plea Agreement or move to withdraw Defendant's plea or to set aside Defendant's conviction, then these admissions may be used against Defendant in the Government's case-in-chief and otherwise, including during the continuing prosecution of this case.

10. <u>Venue</u>. Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

D.  **SENTENCING**

11.  <u>Sentencing Guidelines</u>.  Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law.  The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

(a)  The nature of the offenses to which Defendant is pleading guilty;

(b)  The amount of loss or intended loss under USSG § 2B1.1(b)(1); and the tax loss under §§ 2T1.9, 2T1.4, 2T4.1;

(c)  Defendant's role in the offense under USSG §3B1.1 or §3B1.2;

(d)  Whether Defendant attempted to obstruct justice in the investigation or prosecution of the offense, a closely related offense, or in any relevant conduct under USSG § 3C1.1;

(e)  The nature and extent of Defendant's criminal history (prior convictions); and

(f)  Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction.  Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

12.  <u>Acceptance of Responsibility</u>.  The Government agrees as a recommendation to the District Court that Defendant receive credit for acceptance of responsibility under USSG §3E1.1(a).  The Government reserves the right to oppose

a reduction under §3E1.1(a) if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise fails to clearly demonstrate acceptance of responsibility. If Defendant qualifies for a decrease under §3E1.1(a), and the base offense level is 16 or above, as determined by the Court, the Government agrees to make a motion to the District Court that Defendant should receive an additional 1-level reduction under USSG §3E1.1(b), based on timely notification to the Government of Defendant's intent to plead guilty. The government may withhold this motion based on any interest identified in USSG §3E1.1.

13. <u>Presentence Report</u>. Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report. The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

14. <u>Disclosure of Presentence Investigation Reports</u>. The United States District Court for the Southern District of Iowa has issued the following Administrative Order:

> The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not disseminate, disclose, or distribute a presentence investigation report, or any part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges and understands this order.

15. <u>Evidence at Sentencing</u>. The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement. Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

16. <u>Sentence to be Decided by Judge -- No Promises</u>. This Plea Agreement is entered pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties. Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding. Therefore, it is uncertain at this time what Defendant's actual sentence will be.

17. <u>No Right to Withdraw Plea</u>. Defendant understands that Defendant will have no right to withdraw Defendant's plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

E.   **FINES, COSTS, AND RESTITUTION**

18.   Fines and Costs.   Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

19.   Special Assessment.   Defendant agrees to pay the mandatory special assessment of $100 per count of conviction at or before the time of sentencing, as required by 18 U.S.C. § 3013.

20.   Restitution.   Defendant agrees that the Court should impose an order of restitution for all relevant conduct including all conduct related to the dismissed counts, in an amount to be determined by the Court; that such order of restitution shall be due and payable immediately; and that if Defendant is not able to make full payment immediately, Defendant shall cooperate with the United States Probation Office in establishing an appropriate payment plan, which shall be subject to the approval of the Court, and thereafter in making the required payments.  Any such payment plan does not preclude the Government from utilizing any collections procedures pursuant to the Federal Debt Collections Act and including the Treasury offset program.

21.   Financial Statement.   Defendant agrees to complete truthfully and in full a financial statement provided by the U.S. Attorney's Office and return the financial statement to the U.S. Attorney's Office within 30 days of the filing of this Plea Agreement.

## F. LIMITED SCOPE OF AGREEMENT

22. <u>Limited Scope of Agreement</u>. This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement. Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

23. <u>Agreement Limited to Southern District of Iowa</u>. This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

24. <u>Victims not a party to this Agreement</u>. Defendant understands that victim companies referenced in Counts 1 through 15, and relevant conduct, are not a party to this Plea Agreement, and that the "loss" and "restitution" amounts applicable to this criminal case do not resolve any claims that victim companies may have against Defendant. Defendant understands that victim companies remain free to pursue all lawful civil remedies it may deem appropriate.

25. <u>No Resolution of Civil Tax Liability</u>. Defendant understands that the "tax loss" described in this Plea Agreement is for the sole purpose of computing Defendant's base offense level under the United States Sentencing Guidelines. This Plea Agreement does not resolve any civil tax liability (including penalties)

Defendant may have for any taxable period or in connection with any entity. The Internal Revenue Service is not a party to this agreement and remains free to pursue all lawful civil remedies it may deem appropriate, which are permitted by law, including assessments against Defendant for additional tax due and owing and levies or garnishments to collect these amounts. However, Defendant remains free to make any payments to the Internal Revenue Service at any time toward the payment of any tax liability that may exist, including as contemplated in this Plea Agreement.

26. <u>Special Condition</u>. Should the Court impose a period of probation or supervised release as part of the sentence in this case, the parties agree to jointly recommend to the Court that the following "special" conditions be imposed, in addition to the "standard" conditions of probation and/or supervised release, in lieu of any order of restitution:

(a) That Defendant cooperate with the Internal Revenue Service in the determination, assessment and payment of any tax liability that Defendant may have for the calendar years 2016, 2017, and 2018;

(b) That Defendant pay in full any tax liability (including interest and penalties) as finally determined by the Internal Revenue Service, or make arrangements with the Internal Revenue Service to begin making payments on that tax liability within 60 days of the final assessment by the Internal Revenue Service;

(c) That Defendant provide to the United States Probation Office a copy of any payment plan agreed upon with the Internal Revenue Service, and that Defendant actually make the required payments; and

(d) That Defendant file truthful individual income tax returns as may become due by law and provide copies of such returns to the United States Probation Office.

## G. WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

27. <u>Trial Rights Explained</u>. Defendant understands that this guilty plea waives the right to:

   (a) Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

   (b) A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

   (c) The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

   (d) Confront and cross-examine adverse witnesses;

   (e) Present evidence and to have witnesses testify on behalf of Defendant, including having the Court issue subpoenas to compel witnesses to testify on Defendant's behalf;

   (f) Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

   (g) If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

28. <u>Waiver of Appeal and Post-Conviction Review</u>. Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charges or to the Court's entry of judgment against Defendant; except that both Defendant and the United States preserve the right to appeal any sentence imposed by the Court, to the extent that an appeal is authorized by law. Also,

Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

**H.   VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL**

29.   <u>Voluntariness of Plea</u>. Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

   (a)   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

   (b)   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

   (c)   No one has threatened Defendant or Defendant's family to induce this guilty plea.

   (d)   Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

30.   <u>Consultation with Attorney</u>. Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

   (a)   Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

   (b)   Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

(c) Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I. GENERAL PROVISIONS

31. <u>Entire Agreement</u>. This Plea Agreement, and any attachments, is the entire agreement between the parties. Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

32. <u>Public Interest</u>. The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

33. <u>Execution/Effective Date</u>. This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

## J. SIGNATURES

34. <u>Defendant</u>. I have read all of this Plea Agreement and have discussed it with my attorney. I fully understand the Plea Agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this Plea Agreement. I have not been threatened in any way to get me to enter into this Plea Agreement. I am satisfied with the services of my attorney with regard to this Plea Agreement and

other matters associated with this case. I am entering into this Plea Agreement and will enter my plea of guilty under this Plea Agreement because I committed the crime to which I am pleading guilty. I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

_April 17-23_  
Date

_Mark Haines_  
Mark Lynn Haines

35. <u>Defendant's Attorney</u>. I have read this Plea Agreement and have discussed it in its entirety with my client. There is no Plea Agreement other than the agreement set forth in this writing. My client fully understands this Plea Agreement. I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion. I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

_Apr. 17, 2023_  
Date

_[signature]_  
Leon F. Spies  
Attorney for Mark Lynn Haines  
312 E. College Street, Suite 216  
Iowa City, Iowa 52240  
Telephone: 319-337-4193  
Telefax:   319-337-2396  
E-Mail: spies@spiespavelich.com

36. <u>United States</u>.  The Government agrees to the terms of this Plea Agreement.

                                                    Richard D. Westphal
                                                    United States Attorney

_4/17/23_                  By: _/s/ Debra Mendenhall_
Date

                                                    Debra Mendenhall
                                                    Assistant U.S. Attorney
                                                    U.S. Courthouse Annex, Suite 286
                                                    110 East Court Avenue
                                                    Des Moines, Iowa 50309
                                                    Telephone:  515-473-9300
                                                    Telefax:  515-473-9292
                                                    E-mail: debra.mendenhall@usdoj.gov

Attachment "A"

STIPULATION OF FACTS

1. From in or about Spring 2015, until on or about November 16, 2018, Defendant MARK LYNN HAINES, voluntarily and intentionally devised and made up a scheme to defraud and obtain money by means of materially false and fraudulent pretenses, representation, and promises. As a part of this scheme to defraud, Defendant at times engaged in the following conduct:

   a. From 2015 through 2018, Defendant planted seed that was not organic and did not meet the requirements of the National Organic Program (NOP) for the resultant crop to be sold as organic.

   b. In 2017 and 2018, in order to actively conceal the planting of seed prohibited under NOP, Defendant obtained false seed invoices that inflated the quantity of organic seed purchased to present to the organic certifier, the Iowa Department of Agriculture and Land Stewardship (IDALS) if requested. On August 16, 2018, Defendant presented the 2018 false seed invoice to IDALS.

   c. From 2015 through 2018, Defendant utilized prohibited chemicals on organic fields in violation of NOP.

   d. From 2015 through 2018, Defendant utilized fields contaminated by chemicals and treated seed for organic crop production.

   e. To further actively conceal violations of NOP from IDALS and in order to avoid revocation of his organic certificate in 2015, 2016, and 2017, Defendant reported false lower organic crop production quantities than actually sold.

  f. From 2015 through 2018, Defendant did not comply with the organic system plans filed with IDALS. In each of these years, Defendant falsely reported the planting of organic seed, which was not true in that Defendant used other than organic seed for the vast majority of his purported organic crops.

  g. From 2015 through 2018, Defendant sold grain as organic which was not in fact organic as it had failed to meet the requirements of NOP. Defendant presented and caused to be presented to purchasers his organic certificate issued by IDALS. Defendant received payment for these crops at the higher organic price.

  h. From 2015 through 2018, Defendant caused the purchasers of the purported organic grain to mail to him checks in payment thereof, which were deposited into Defendant's account and were used by him and his co-signatory.

2. Defendant took these actions with an intent to defraud.

3. Defendant used, and caused to be used, the mail in furtherance of an essential step of the scheme, payment for the purported organic crops, on numerous occasions including, as set forth in Count 4, a check dated October 26, 2018, in the amount of $508,789.10 from O.O.[1] mailed from their location outside of the state of Iowa to Defendant's residence in Keokuk County, in the Southern District of Iowa.

4. On or before April 1, 2017, to on or about April 15, 2019, two or more people reached an agreement or came to an understanding to commit the crime of defrauding the United States by impeding, impairing, obstructing, or defeating the lawful governmental functions of the Internal Revenue Service in the ascertainment, computation, assessment and collection of income taxes.

---

[1] Victim company identity known but redacted

5. Defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect

6. At the time Defendant joined in the agreement, Defendant knew the purpose of the agreement

7. While the agreement was in effect, a person or persons who had joined in the agreement knowingly did one or more acts for the purpose of carrying out or carrying forward the agreement

8. Defendant admits that between April 1, 2017, and April 17, 2017, Defendant knowingly requested and obtained from Dan DeDeRYCKE, doing business as DeRycke's Crop Depot, a false invoice dated September 14, 2016, purporting to show a purchase of seed in the amount of $339,691.50. Defendant admits this invoice was entirely false and fictitious and did not represent the exchange of any money, goods, or services. This invoice was provided to a tax preparer for the purpose of creating a 2016 tax year expense.

9. Defendant admits that between April 1, 2017, and April 17, 2017, Defendant knowingly requested and obtained from Dan DeRycke, doing business as DeRycke's Crop Depot, a false invoice dated October 14, 2016, purporting to show a purchase of fertilizer in the amount of $39,305. Defendant admits this invoice was entirely false and fictitious and did not represent the exchange of any money, goods, or services. This invoice was provided to a tax preparer for the purpose of creating a 2016 tax year expense.

10. On or about April 18, 2017, Defendant signed a Form 8879 declaring under penalty of perjury that the U.S. Income Tax Return, Form 1040, and accompanying schedules and statements for tax year 2016, which contained the claimed expenses detailed in paragraphs 13 and 14, was true and correct.

11. On or about February 13, 2018, a check was written from account x8339 backdated to December 20, 2017, in the amount of $208,229.81, as Defendant then and there knew, payable to a business for an expense for the purpose of creating a 2017 tax year expense.

12. On March 1, 2018, Defendant signed a Form 8879 declaring under penalty of perjury that the U.S. Income Tax Return, Form 1040, and accompanying schedules and statements for tax year 2017, which contained this backdated expense, was true and correct.

13. On a date between on or about March 4, 2019, and March 7, 2019, a check was written from account x8339 backdated to December 20, 2018, payable to DeRycke Crop Depot in the amount of $320,000, as Defendant then and there knew. This check purporting to be for a purchase of seed, was for the purpose of creating a 2018 tax year expense.

14. On a date between on or about March 4, 2019, and March 7, 2019, a check was written from account x8339 backdated to December 20, 2018, payable to DeRycke Crop Depot in the amount of $168,220, as Defendant then and there knew. This check purporting to be for a purchase of feed and fertilizer, was provided to Dan DeRycke. In return, Defendant obtained from DeRycke Crop Depot a check in the amount of $168,220 and deposited it in x8339. Defendant admits this exchange of checks did not represent the exchange of any money, goods, or services. This purported expense of $168,220 was provided to a tax preparer for the purpose of creating a 2018 tax year expense.

15. On or about April 15, 2019, Defendant signed a Form 8879 declaring under penalty of perjury that the U.S. Income Tax Return, Form 1040, and accompanying schedules and statements for tax year 2018, which contained the expenses described in paragraphs 17 and 19, was true and correct.

16. Defendant agrees that one or more of the acts constituting the offense charged in Counts 4 and 19 of the Second Superseding Indictment occurred in the Southern District of Iowa.

17. Defendant hereby certifies that the facts set forth above are true and accurate to the best of Defendant's knowledge.

Apr 17-23
Date

_____
Mark Lynn Haines
Defendant

Apr. 17, 2023
Date

_____
Leon F. Spies
Attorney for Mark Lynn Haines

Richard D. Westphal
United States Attorney

4/17/23
Date

By: _____
Debra Mendenhall
Assistant United States Attorney